**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*By:*   Steven J. Bushinsky, Esquire
         W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND for and on behalf of themselves and said FUNDS; and IBEW LOCAL UNION NO. 351,<br><br>*Plaintiffs,*<br><br>v.<br><br>ARLINE CONSTRUCTION SERVICES, INC. AND DUNBAR ELECTRIC CO., LLC,<br><br>*Defendants.* | Case No.<br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

**JURISDICTION AND VENUE**

1.  The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendants maintain or maintained a principal place of business in the State of New Jersey.

3. This Court is one of proper venue pursuant to Section 301 of LMRA, 29 U.S.C. §185(c) because IBEW Local Union No. 351 maintains its principal offices within this district.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Trustees of the IBEW Local 351 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds ("Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants.

6. Plaintiff Funds are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

7. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

8. Plaintiff Funds have standing to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

9. The Trustees are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

10. Plaintiff Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

11. Plaintiff Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12. Plaintiff IBEW Local Union No. 351 ("Union") is engaged in collective bargaining on behalf of construction electricians throughout the State of New Jersey. The Union qualifies to commence this action under Section 301 of LMRA, 29 U.S.C. §185.

13. The Union maintains their principal place of business at 1113 Black Horse Pike, Folsom, New Jersey 08037.

14. Defendant, Arline Construction Services, Inc. ("Arline") and Defendant Dunbar Construction ("Dunbar"), are referred to as "Defendants" or "employers" or "parties in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, are employers in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

15. Defendants share a principal place of business located at 1100 East State Street, Camden, New Jersey 08015.

16. On January 7, 2014, a Default Judgment was entered against Defendant Dunbar (Case No.: 1:13-cv-00988-NLH-KMW) in the amount of $86,564.57.

17. Defendant Dunbar and Defendant Arline conduct business in the State of New Jersey.

## FACTUAL ALLEGATIONS

18. Plaintiffs incorporate the allegations of Paragraphs 1 through 17 of this Complaint as if set forth herein in their entirety.

19. At all times relevant hereto, Defendant Dunbar was party to and/or agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA") with the Union or one or more local labor unions or district councils affiliated with the Union.

4

20. At all times relevant hereto, Defendant Dunbar also signed and/or agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which, along with the CBA, requires fringe benefit contributions be made for eligible participants on a timely basis.

21. Defendant Dunbar failed to remit all or some of the fringe benefit contributions and dues check-offs to the Plaintiff Funds for the time period of January 1, 2008 through December 31, 2010.

22. Defendant Dunbar remitted a check to Plaintiff Funds dated August 21, 2009 in the amount of $14,495.33 in partial payment of Defendant Dunbar's January 1, 2008 through December 31, 2010 delinquency.

23. On or about September 1, 2009, this aforementioned check was returned by the bank for insufficient funds.

24. Thereafter, Defendant Arline remitted payment for the January 1, 2008 through December 31, 2010 delinquency to Plaintiff Funds on behalf of Defendant Dunbar in the identical amount of $14,495.33.

25. On February 19, 2013, a Complaint was filed against Defendant Dunbar in the District Court of New Jersey, Case No. 1:13-cv-00988-NLH-KMW, to collect all outstanding delinquent employee contributions.

26. On January 7, 2014, Default Judgment was entered against Defendant Dunbar in Case No.: 1:13-cv-00988-NLH-KMW in the amount of $86,564.57.

27. Defendant Dunbar has failed to satisfy the Default Judgment obtained in Case No.: 1:13-cv-00988-NLH-KMW.

28. At various times relevant hereto, Defendant Dunbar and Defendant Arline are or were jointly owned by Tyrone Pitts ("Pitts").

29. In the preceding action against Defendant Dunbar (Case No.: 1:13-cv-00988-NLH-KMW), Pitts provided certified responses to Plaintiffs' Asset Interrogatories on behalf of Defendant Dunbar.

30. At various times relevant hereto, Defendant Dunbar and Defendant Arline shared the same address of 1100 East State Street, Camden, New Jersey 08015.

31. At various times relevant hereto, Defendant Dunbar and Defendant Arline also shared the same address of 308 Martin Luther King Blvd., Camden, New Jersey 08103.

32. At various times relevant hereto, Defendant Dunbar and Defendant Arline also shared the same telephone number of (856) 342-9599.

33. Upon information and belief Defendant Dunbar ceased business operations.

34. Upon information and belief Defendant Arline assumed Defendant Dunbar's operations, contracts, customers, employees, equipment, and assumed liabilities.

35. Under information and belief, Pitts is currently the principal shareholder of Defendant Arline which is still in operation performing general construction work in the State of New Jersey.

36. Upon information and belief, Defendant Arline is a successor to Defendant Dunbar with Defendant Arline having assumed Defendant Dunbar's liabilities and having made direct payment against those liabilities.

37. Defendant Dunbar and Defendant Arline have been operated in such a way that they constitute a double-breasted employer established to avoid Defendant Dunbar's obligations to Plaintiff Funds, in violation of the CBA and federal common law.

38. As a successor to Defendant Dunbar, Defendant Arline is subject to the CBA signed by Defendant Dunbar.

39. Defendant Arline is a mere legal continuation of Defendant Dunbar.

40. As an alter ego employer, single employer or double-breasted employer, Defendant Arline is bound to the CBAs between the Union and Defendant Dunbar.

## **COUNT ONE**

### **Defendant Arline as Successor To/Alter Ego of Defendant Dunbar**

41. Plaintiffs incorporate the allegations of Paragraphs 1 through 40 of this Complaint as if set forth herein in their entirety.

42. At all relevant times Defendant Dunbar and Arline have acted as a common enterprise.

43. At all relevant times, Defendant Arline, has been the alter ego to Defendant Dunbar.

44. At all relevant times, Defendant Arline has acted as a successor to Defendant Dunbar.

45. At all relevant times Defendant Arline has acted as a single employer with Defendant Dunbar.

46. As the successor to Defendant Dunbar, Defendant Arline is also bound to the CBA with the Union.

47. Defendant Arline owes the delinquent fringe benefits and penalties that have been demanded by the Funds on numerous occasions, and both Defendant Dunbar and Defendant Arline have refused to remit the required payments.

48. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

49. Failure to pay the delinquencies enumerated is violative of 29 U.S.C. §1145.

50. As a direct and proximate result of the Defendant Arline's conduct, this action is brought by Plaintiff IBEW Local Union No. 351 pursuant to Section 301 of LMRA.

51. Plaintiff Funds bring this action pursuant to Section 502(g)(2) and Section 515 of ERISA, pursuant to which this Court is directed to award all unpaid benefit contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorneys' fees and costs, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendants to pay all delinquent wages, unpaid benefit contributions, and penalties due and owing to the Funds;

(B) Order Defendants to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendants to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D) Order Defendants to specifically perform all obligations to the Funds under the CBA;

(E)     Order Defendants to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g);

(F)     Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

### Failure to Remit Dues Check-offs

52. Plaintiffs incorporate the allegations of Paragraphs 1 through 51 of this Complaint as if set forth herein in their entirety.

53. Defendant Dunbar is signatory to, or has assented to, the CBA with Plaintiff IBEW Local Union No. 351 and employs Union members.

54. Defendant Dunbar failed to remit dues check-offs for the period including, but not limited to, January 1, 2008 through December 31, 2010.

55. Defendant Dunbar violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

56. As an alter-ego employer, single employer, successor, or double-breasted employer with Defendant Dunbar, Defendant Arline is bound to the CBAs between Defendant Dunbar and the Union, and are therefore jointly and severally liable to the Funds for dues check-offs owed by Defendant Dunbar.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

  (A) Order Defendant Arline to pay dues-checkoffs due and owing to the Plaintiff Union; and

  (B) Order such further legal, equitable or other relief as is just and proper.

## COUNT THREE

### Declaratory Judgment Under Section 502 of ERISA

57. The Plaintiffs incorporate the allegations of Paragraphs 1 through 56 of this Complaint as if set forth herein in their entirety.

58. Plaintiffs request a judicial determination as to Defendant Arline declaring their rights and obligations in regard to the subject matter of this action pursuant to 28 U.S.C. §2201 and Section 301(a) of LMRA.

59. A controversy exists among the Plaintiffs and Defendant Arline regarding the parties' rights and duties under the Funds' benefit plan and/or CBAs and/or Trust Agreements.

60. A judicial declaration is necessary and appropriate at this time under all of the circumstances so that Plaintiffs can recover all unpaid benefit contributions owed to the Funds, together with lawful interest, liquidated damages, reasonable attorneys' fees, costs of suit, and such other and further relief which this Court deems equitable and just.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) The CBA be declared valid, legal and binding upon Defendant Arline;

(B) Order Defendant Arline to specifically perform all obligations to the Funds under the CBA;

(C) Order Defendant Arline to pay the Funds' reasonable attorneys' fees and costs of suit; and

(D) Order any such other and further relief as this Court may deem proper.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____
Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
dfeehan@obbblaw.com

Dated: May 31, 2018